UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KRISTIN SPIEKERMAN,

   Plaintiff,

   v.                Case No. C-1-07-572

VILLAGE OF WAYNESVILLE, OHIO,

   Defendant.

## ORDER

  This matter is before the Court upon plaintiff Kristin Spiekerman's motion to dismiss the counterclaim against her (doc. 11) and the defendant Village of Waynesville, Ohio's opposing memorandum (doc. 12).

### I. Introduction

  Plaintiff brings a complaint against defendant, her former employer, alleging violations of the Fair Labor Standards Act, age and gender discrimination, breach of contract and retaliation. Defendant has asserted a counterclaim alleging that plaintiff was an exempt employee; pursuant to defendant's employee manual, exempt employees can earn flex time and "bank" up to 40 hours of flex time, after which an exempt employee is to be compensated at a rate of 1½ times their normal pay; pursuant to the employee manual, all flex time was to be approved by the defendant's Village Manager; plaintiff was responsible for defendant's payroll; and plaintiff caused herself to be paid overtime compensation in the total amount of $6,401.24 for 2006 and 2007 without knowledge or approval of any official of the Village of Waynesville. Defendant has attached a copy of the employee manual to the answer and counterclaim.

1

Plaintiff moved for a more definite statement of the counterclaim pursuant to Fed. R. Civ. P. 12(e) on the ground that defendant's allegations that she wrongfully received overtime compensation were not supported by law or by citation to any authority so as to articulate any claim defendant possibly had against her.  The Court denied the motion.  Plaintiff now moves to dismiss the counterclaim.  She argues that defendant cannot prove any set of facts to support recovery under its counterclaim because even if she failed to get prior approval from the Village Manager for the overtime hours she worked and even if this omission violated a procedure of defendant, defendant does not argue that she did not work the overtime hours or is not entitled to the compensation.  In response, defendant contends that if the allegations of the counterclaim are construed most strongly in its favor, the Court cannot conclude that plaintiff "received her payment for overtime compensation in a valid, qualified, legislative manner."

## II.  Standard of Review

As the Sixth Circuit has noted, the Supreme Court recently clarified the law concerning what a plaintiff must plead in order to survive a Rule 12(b)(6) motion.  ***Assoc. of Cleveland Fire Fighters v. City of Cleveland, Ohio,*** 502 F.3d 545, 548 (6th Cir. 2007) (citing ***Bell Atl. Corp. v. Twombly****,* --- U.S. ----, 127 S.Ct. 1955 (2007)).  The Supreme Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 127 S.Ct. at 1964-65 (citations and quotation marks omitted).  In addition, the Supreme Court stated that while a complaint need not contain detailed factual allegations, the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." ***Id****.*

(internal citation and quotation marks omitted).  The Sixth Circuit in *Cleveland Firefighters* stated that in so holding, the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard" of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that a complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  502 F.3d at 548 (citing *Twombly*, 127 S.Ct. at 1969).

### III.  Analysis

Dismissal of defendant's counterclaim for failure to state a claim for relief pursuant to Rule 12(b)(6) is not warranted.  Defendant has made detailed factual allegations which, if established as true, may entitle it to recover the overtime compensation plaintiff collected without obtaining the required approval.  Further development of the record is necessary before a determination can be made as to whether defendant has a right to relief on its counterclaim.  Accordingly, plaintiff's motion to dismiss the counterclaim pursuant to Rule 12(b)(6) is **DENIED.**

**IT IS SO ORDERED.**

                                       S/ Herman J. Weber
                                       HERMAN J. WEBER, SENIOR JUDGE
                                        UNITED STATES DISTRICT COURT